IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TREY LORENZO MONACO                                          PLAINTIFF

v.              Civil No. 5:18-cv-05064

SHERIFF TIM HELDER; SERGEANT                         DEFENDANTS
SETH PARTAIN; SERGEANT JEB BYRD;
SERGEANT JOHN BYRD; and SERGEANT
MISTY THOMSON

## OPINION

Plaintiff, Trey L. Monaco, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I.    BACKGROUND

According to the allegations of the Amended Complaint (ECF No. 8), from March 19, 2018, to March 22, 2018, Plaintiff, who was housed in isolation, did not receive his daily hour out of his cell. He contends this constituted cruel and unusual punishment that caused "temporary insanity." Plaintiff alleges Sergeant Seth Partain, Sergeant Jeb Byrd, Sergeant Misty Thomson, and Sergeant John Byrd "failed to do th[ei]r duties" when they did not let him have his hour out for "3 days straight." Plaintiff alleges the sergeants "run the pods" and Sheriff Helder "is over the jail."

Plaintiff further alleges he was treated inhumanely. He indicates that while he was in isolation he attempted to strangle himself.[1] He alleges the sergeants "have a duty to fulfill and failed to do

---
[1] There is no allegation that this attempt was made during the March 19 to March 22, 2018, time frame.

1

that." With respect to Sheriff Helder, Plaintiff alleges he is over the jail and failed to make sure the sergeants performed their duties. Plaintiff asserts that the harm caused was "temporary insanity."

As relief, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)(citations omitted).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under

2

color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment.[2] U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)(citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Prison conditions claims include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008)(citation omitted).

To state an Eighth Amendment claim, the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the detention facility that created a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. "Conditions of confinement, however, constitute cruel and

---

[2] Plaintiff is a pretrial detainee. However, the Eighth Circuit has consistently applied the Eighth Amendment to conditions of confinement claims brought by pretrial detainees. *See e.g., Davis v. Oregon Cnty., Missouri*, 607 F.3d 543, 548 (8th Cir. 2010)("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment")(internal quotation marks and citation omitted).

3

unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994)(*quoting Wilson v. Sieter*, 501 U.S. 294 (1991)).

The deliberate indifference standard involves both an objective and subjective component. The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 2 (1992) (The objective component is "contextual and responsive to contemporary standards of decency")(quotation omitted). To satisfy the subjective component, an inmate must show that prison officials had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Brown v. Nix*, 33 F.3d 951, 954-55 (8th Cir. 1994). The subjective component "requires proof of a reckless disregard of a known risk." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005)(citation omitted).

Here, Plaintiff's first claim is based on his allegation that he was not given an hour out of his cell for three consecutive days. Plaintiff does not allege that he was routinely denied an hour outside of his cell. He does not allege that he was unable to exercise in his cell.

In general, courts have held that the temporary denial of bedding, exercise, clothes, showers, or hygiene products is not unconstitutional. *See e.g., O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-8 (8th Cir. 1996)(four days without underwear, blankets, mattress, exercise and visits was not a constitutional violation). Plaintiff's challenge is to the three day period, March 19, 2018, to March 22, 2018, when he was denied his hour out. The Eighth Circuit has found that out-of-cell recreation time of forty-five minutes per week for an inmate in protective custody did not violate the Eighth Amendment. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Similarly, the Eighth Circuit has held that a limitation of three hours per week of out-of-cell exercise time does not necessarily violate the Constitution. *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Termunde v. Cook*, 684 F. Supp. 255, 260 (D. Utah 1988)(no constitutional violation where inmates

received one hour each day, five days per week for recreational and shower purposes); *cf. Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002)(No deliberate indifference where prisoner allowed to use a dayroom with exercise equipment for three hours a week even though he was denied outside exercise for three months). No plausible constitutional violation has been stated with respect to Plaintiff's claim that he was denied out-of-cell time for three days.

Plaintiff's second claim is that he became "temporarily insane" while in isolation and attempted suicide. He alleges Defendants failed to fulfill their duty towards him. In other words, Plaintiff contends the Defendants failed to identify him as being at an increased risk of suicide because of his "temporary insanity." Plaintiff makes no further allegations regarding the "temporary insanity" or how his behavior put the Defendants on notice that he was at an increased risk of suicide. There is no allegation that Plaintiff verbally or in some other manner demonstrated a predisposition for attempting suicide. Without "actual knowledge that [Plaintiff] posed a serious risk of harm to himself[,] . . . plaintiff cannot show that [the Defendants] were subjectively deliberately indifferent to his need for medical care." *Hott v. Hennepin County, Minnesota*, 260 F.3d 901, 906 (8th Cir. 2001), *see also Olson v. Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003)(inmate suicide cases are analyzed as Eighth Amendment failure to provide appropriate medical care claims—plaintiff must show Defendants knew he presented a substantial suicide risk and that Defendants failed to respond reasonably to that risk). No plausible claim is stated.

Further, Plaintiff does not mention Sheriff Helder's involvement in the alleged constitutional violations. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)(citation omitted). Plaintiff has made no such allegations. In fact, Plaintiff contends Sheriff Helder is liable

5

due to his being "over the jail." However, "general supervisory authority over [jail] operations does not make [Sheriff Helder] liable under § 1983." *Jackson v. Nixon*, 747 F.3d 537, 545 (8th Cir. 2014).

## IV. CONCLUSION

No plausible claims are stated. Therefore, this case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii)(*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

The dismissal of this case will count as a strike under 28 U.S.C. § 1915(g). The **Clerk** is directed to put a § 1915(g) strike flag on the case.

IT IS SO ORDERED on this 21st day of June 2018.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE